IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| THE BRENNES-JONES GROUP, INC., a Texas Corporation,  Plaintiff,  -vs-  PROFESSIONAL FLOORING UNLIMITED, INC., a Georgia Corporation, and GORDON CREWS, an individual,  Defendants. | FILED:   JULY 17, 2008<br>  08CV4072<br>  JUDGE LEFKOW<br>  MAGISTRATE JUDGE COLE<br>Court No.: NF<br>Calendar |

## COMPLAINT

Plaintiff, The Brennes-Jones Group, Inc. ("BJG"), for its Complaint against the Defendants, Professional Flooring Unlimited, Inc. ("Professional Flooring"), and Gordon Crews ("Crews") (collectively referred to as "Defendants"), states as follows:

### PARTIES

1.   BJG is a Texas corporation with its principal place of business in Dallas, Texas. BJG is a third party service provider, specializing in providing electronic payment solutions for merchants.

2.   Professional Flooring is a Georgia corporation with its principal place of business in Rome, Georgia. Professional Flooring is engaged in the sale of, and providing related services for, flooring products.

3.   Crews is an individual, and is a resident of Silver Creek, Georgia.

### JURISDICTION AND VENUE

4.   This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332(a). The matter in controversy exceeds the sum or value of $75,000.00, exclusive of

interest and costs, and is between citizens of different states. Plaintiff, BJG, is a Texas corporation with a principal place of business in Texas. Defendant, Professional Flooring, is a Georgia corporation with its principal place of business in Georgia. Defendant, Crews, is a resident of Georgia.

5.  This Court has personal jurisdiction over Professional Flooring and Crews, and venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a)(2), as the Northern District of Illinois is a district in which a substantial part of the events or omissions giving rise to the claims occurred. Furthermore, the parties have agreed to jurisdiction and venue in the Northern District of Illinois.

## NATURE OF ACTION

6.  This is an action arising out of the unlawful breach by Professional Flooring of a Merchant Service Agreement (the "Agreement") entered into between Professional Flooring and Harris Trust and Savings Bank ("Harris"). BJG is the assignee or, in the alternative, the third party beneficiary of the Agreement, and is entitled to enforce the Agreement.

## FACTS COMMON TO ALL COUNTS

7.  On or about November 3, 2003, Professional Flooring entered into the Agreement with Harris, a nationally chartered bank headquartered in Chicago, Illinois. Crews signed an unconditional guaranty (the "Guaranty") for the obligations of Professional Flooring to Harris under the Agreement.

8.  Pursuant to the Agreement, Harris agreed to provide electronic debit and credit card authorization, processing, data capture, deposit, clearing and settlement services. All services except for funds settlement and transfer were to be provided through Moneris Solutions, Inc. ("Moneris"), a Delaware corporation and member service provider to Harris.

2

9. Professional Flooring was a client of BJG and BJG facilitated the Agreement between Professional Flooring and Harris.

10. Under the Agreement, Professional Flooring was to maintain a banking account (the "PF Account") with an available balance of funds sufficient to accommodate Professional Flooring's obligations under the Agreement. Professional Flooring also specifically agreed to pay Harris for all amounts due under the Agreement.

11. In addition, under the Agreement, Harris had the right to charge back to Professional Flooring any amounts due to Professional Flooring for credit card transactions if Professional Flooring failed to meet its obligations under the Agreement, the rules and regulations of Card Associations ("Operating Regulations"), or the Operating Manual provided by the Bank and incorporated into the Agreement.

12. As a condition to the Agreement, Harris Bank required BJG to maintain a banking account (the "BJG Account") to cover any losses incurred by Harris as a result of Professional Flooring's breach of the Agreement.

13. Pursuant to industry standard, the parties to the Agreement and the Guaranty intended that BJG would be a third party beneficiary of the Agreement and the Guaranty and BJG is, in fact, a third party beneficiary to the Agreement and the Guaranty.

14. Under the Agreement, Professional Flooring began accepting credit card transactions, where customers paid for flooring and flooring services using credit cards (the "Credit Card Transactions"). The Credit Card Transactions were processed by various entities and ultimately presented to and paid by Harris.

15. Harris advanced the proceeds of the Credit Card Transactions to Professional Flooring pursuant to the Agreement.

16. Professional Flooring, however, ultimately failed to deliver the goods or otherwise provide the services that formed the consideration for the Credit Card Transactions in breach of the Agreement and the Operating Regulations. Because of Professional Flooring's failure to provide the bargained for goods and services, customers disputed the Credit Card Transactions, which resulted in Harris refunding or otherwise crediting the customers' account.

17. Under the Agreement, Harris was entitled to charge back the amounts of the Credit Card Transactions to Professional Flooring. Professional Flooring breached the Agreement because it did not maintain an acceptable level of funds in the PF Account to cover these charge backs. As a result, Harris charged back these amounts to the BJG Account.

18. Professional Flooring received the benefit of the amounts paid to Professional Flooring for the Credit Card Transactions, which amounts were in excess of $250,000.00. In breach of the Agreement, Professional Flooring has never paid the amounts owed as a result of the charge backs.

19. BJG has suffered a loss in excess of $250,000.00 as a result of Professional Flooring's breach of the Agreement, as BJG has paid the amounts owed to Harris by Professional Flooring under the Agreement.

20. Because BJG has paid Professional Flooring's obligations under the Agreement, Harris has assigned it rights and claims under the Agreement and the Guaranty to BJG.

## COUNT I - BREACH OF CONTRACT AGAINST PROFESSIONAL FLOORING

21. BJG restates and realleges the allegations set forth in paragraphs 1 - 20 above, as if fully set forth herein.

22. The Agreement is a valid and enforceable agreement entered into between Professional Flooring and Harris.

23. As assignee, BJG is entitled to enforce all claims and rights under the Agreement against Professional Flooring.

24. BJG is also an intended third party beneficiary of the Agreement. The parties to the Agreement intended to confer direct benefit upon BJG under the Agreement, as BJG was required by Harris to maintain the BJG Account to pay for losses incurred under the Agreement.

25. Specifically, the parties to the Agreement intended to directly benefit BJG as a third party beneficiary of the Agreement in the event there was a breach of the Agreement by Professional Flooring.

26. Harris Bank and BJG, as assignee and third party beneficiary, performed all obligations under the Agreement.

27. Professional Flooring breached the Agreement by not paying Harris all amounts that were charged back for the Credit Card Transactions. Professional Flooring further breached the Agreement by not maintaining a sufficient balance in the PF Account to cover the charge backs.

28. As a result of Professional Flooring's breaches, BJG suffered damages in excess of $250,000.00, as BJG has paid the amounts owed to Harris by Professional Flooring under the Agreement.

WHEREFORE, Plaintiff, The Brennes-Jones Group, Inc., requests this Court to enter judgment in its favor and against Defendant Professional Flooring Unlimited, Inc. in an amount in excess of $250,000.00, plus attorneys fees, interest, and costs, and for such other relief as this Court deems fair and just.

## COUNT II – ACTION ON GUARANTY
## AGAINST GORDON CREWS

29. BJG restates and realleges the allegations set forth in paragraphs 1 - 28 above, as if fully set forth herein.

30. Gordon Crews signed the personal Guaranty in connection with the Agreement. Pursuant to the Guaranty, Crews unconditionally guaranteed the full and prompt payment of any amounts owed by Professional Flooring under the Agreement, including any amounts owed as a result of charge backs.

31. The Guaranty is a valid and enforceable contract entered into between Harris and Professional Flooring.

32. As assignee, BJG is entitled to enforce all claims and rights under the Guaranty against Professional Flooring.

33. The parties to the Guaranty also intended that BJG would be a third party beneficiary of the Guaranty, as BJG was required by Harris to maintain the BJG Account to pay for losses incurred under the Agreement. Specifically, the parties to the Guaranty intended to directly benefit BJG as a third party beneficiary of the Guaranty in the event there was a breach of the Agreement by Professional Flooring.

34. Professional Flooring has failed to pay amounts charged back under the Agreement for the Credit Card Transactions, which are in excess of $250,000.00. Pursuant to the terms of the Guaranty, Crews is obligated to pay these amounts due under the Agreement.

35. Harris and BJG, as assignee and third party beneficiary, have performed all conditions and obligations required of them under the Guaranty.

36. BJG has suffered a loss and has been damaged in the amount in excess of $250,000.00, as BJG has paid the amounts owed to Harris by Professional Flooring under the Agreement.

37. Crews is liable to BJG on the Guaranty in an amount in excess of $250,000.00.

WHEREFORE, Plaintiff, The Brennes-Jones Group, Inc., requests this Court to enter judgment in its favor and against Defendant, Gordon Crews, in an amount in excess of $250,000.00, attorneys fees, interest and costs, and for such other relief as this Court deems fair and just.

### COUNT III – UNJUST ENRICHMENT
### AGAINST PROFESSIONAL FLOORING

38. BJG restates and realleges the allegations set forth in paragraphs 1–37 above, as if fully set forth herein.

39. Professional Flooring accepted and enjoyed the benefits of the funds advanced by Harris for the Credit Card Transactions under the Agreement. When the Credit Card Transactions were charged back, Professional Flooring was obligated to pay amounts due as a result of the charge backs to Harris under the Agreement. These amounts, however, were paid to Harris by BJG. Professional Flooring has never repaid Harris or BJG for the amounts due and owing for the charge backs.

40. Because BJG has paid the amounts due to Harris by Professional Flooring under the Agreement, Professional Flooring has been unjustly enriched to BJG's detriment.

41. Professional Flooring's retention of the funds received from the Credit Card Transactions would be unjust.

WHEREFORE, Plaintiff, The Brennes-Jones Group, Inc., requests this Court to enter judgment in its favor and against Defendant, Professional Flooring, Inc., in an amount in excess of $250,000.00, plus interest and costs, and for such other relief as this Court deems fair and just.

THE BRENNES JONES GROUP, INC.

By: /s/ Charla Hausler
One of its Attorneys

Jonathan Froemel
Charla L. Hausler
James Michel
Barnes & Thornburg LLP
One North Wacker Drive
Suite 4400
Chicago, Illinois 60606
(312) 357-1313

CHDS01 CUH 471057v1